UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00083-JAW-16 |
| | ) | |
| CASSANDRA WARE | ) | |

**ORDER DENYING REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE**

On May 17, 2012, a federal grand jury indicted Cassandra Ware for participating in a large drug-trafficking conspiracy in central Maine. *Indictment* (ECF No. 1). Along with Ms. Ware, twenty other individuals were indicted for their roles in the conspiracy. *Id.* Led by codefendant Maurice McCray, the conspiracy trafficked oxycodone and cocaine in enormous quantities in central Maine.

Despite knowing that Mr. McCray was a drug dealer, Ms. Ware chose to date him and after they broke up, she became one of his drug dealers. A native of Waterville, Maine, Ms. Ware received huge quantities of oxycodone and cocaine from Mr. McCray, she sold the drugs among her friends and neighbors in central Maine, who she knew were drug addicts, and she returned the proceeds to Mr. McCray. After Ms. Ware was indicted, arrested and bailed in May 2012, she continued to use drugs and lied about doing so to her probation officer. *See* Ex Parte *Sealed Mot. for the Issuance of an Arrest Warrant, for Revocation of Order Setting Conditions of Release, and for an Order Directing the Def.'s Pretrial Detention* (ECF No. 371). As a

consequence on October 5, 2012, her bail was revoked and she was detained pending trial. *Order of Detention Pending Trial* (ECF No. 376).

On November 29, 2012, Ms. Ware pleaded guilty to her role in the McCray drug trafficking conspiracy. *Minute Entry* (ECF No. 464). She appeared for imposition of sentence on April 30, 2013. *Minute Entry* (ECF No. 649). Ms. Ware faced a guideline sentence of 37 to 46 months, but the Government recommended a sentence of 30 months, which the Court imposed. *J.* (ECF No. 658). Under the guidelines, Ms. Ware faced a two to five year period of supervised release. At her sentencing hearing, both the Government and Ms. Ware's defense lawyer stressed that Ms. Ware had been profoundly addicted to a wide range of illegal drugs and her defense lawyer informed the Court that Ms. Ware was requesting a longer period of supervised release to make certain that she maintained her sobriety. The Court imposed a three-year period of supervised release with a mandatory drug treatment and testing condition. *Id.* at 4.

Ms. Ware commenced her term of supervised release on December 31, 2014 and her three-year term of supervised release is set to expire on December 30, 2017. On September 11, 2017, Ms. Ware filed a pro se motion for early termination of supervised release. *Pro Se Req. for Early Termination of Supervised Release* (ECF No. 1190). In her request, Ms. Ware explains that she has completed cosmetology school and relocated to southern Maine. *Id.* at 1. She also wrote that she has completed the three main goals that she had upon commencement of supervised release: education, a good job, and a car. *Id.*

The Probation Office supports early termination. The Probation Office notes that Ms. Ware has maintained stable housing and has been steadily employed. The Probation Office says that she has removed herself from the negative influences in her life. However, the Probation Office also briefly describes a new criminal charge of Criminal Threatening that Ms. Ware incurred in December 2015. The Probation Office says that she pleaded guilty to this misdemeanor charge in January 2016, was fined $100, and was required to complete twenty hours of community service, which she did at Augusta Warming Center.

On October 3, 2017, the Government filed its response to Ms. Ware's request for early termination. *Gov't's Resp. to Def.'s* Pro Se *Req. for Early Termination of Supervised Release* (ECF No. 1191). In its response, the Government states that it endorses the position of the Probation Office and has no objection to early termination. *Id.* at 1. In a footnote, the Government describes the incident that led to the December 2015 criminal charge. *Id.* n.1. Apparently, Ms. Ware along with two friends got into an altercation with two other women at a nightclub in Auburn, Maine, and Ms. Ware, who had been drinking alcohol, threatened the women with bodily harm. *Id.* The police responded and arrested Ms. Ware and one of her friends. *Id.*

Despite the Government's and Probation Office's acquiescence in Ms. Ware's request for early termination of supervised release, the Court rejects the request. The Court recalls Ms. Ware quite well and remembers how utterly addicted she was to highly dangerous drugs, including opiate-based prescriptive medication and heroin. The Court does not view three years of enforced sobriety, treatment, and testing to

be overly long. Moreover, the Court is concerned that as Ms. Ware was drinking and acting up at a nightclub in December 2015, her period of sobriety has been less than two years. The Court is of course heartened to learn that Ms. Ware has done so well over the last twenty-one months, has acquired a job skill, is working steadily in a good job, and has moved away from some of her bad influences. But when the Court imposes a three-year term of supervised release for a profoundly addicted person who has been engaged as an integral part of a major drug-trafficking ring, it anticipates that service of the full three-year term will be the rule, not the exception.

Before the Court will approve an early termination, it expects that the supervisee will at least present a clean criminal record during the served term of supervised release. Here, after being on supervised release for almost one year, Ms. Ware went to a nightclub, violated her terms of supervised release by drinking alcohol, and further violated her terms of supervised release by threatening others with bodily harm, a violation of Maine criminal law. In these circumstances, the Court will not reward Ms. Ware for new criminal conduct during her term of supervised release by early termination of the term. Furthermore, as the Court contemplated that Ms. Ware would have three years of sobriety, continuing the term of actual sobriety to a full two years from the date of her December 2015 dust-up seems prudent.

The Court DENIES Cassandra Ware's Pro Se Request for Early Termination of Supervised Release (ECF No. 1190).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2017